UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FAIRMONT TAXPAYERS COALITION      Case No. 23-CV-3667 (PJS/ECW)
FOR GOVERNMENT TRANSPARENCY,

       Plaintiff,

v.                                                  ORDER

CITY OF FAIRMONT,

       Defendant.

    Marshall H. Tanick and David Robbins, MEYER NJUS TANICK, PA, for plaintiff.

    James J. Thomson and Michelle E. Weinberg, KENNEDY & GRAVEN CHARTERED, for defendant.

    Plaintiff Fairmont Taxpayers Coalition for Government Transparency ("Taxpayers Coalition")—an association of Fairmont taxpayers, residents, and voters—brings this § 1983 action against defendant City of Fairmont ("Fairmont") alleging a violation of the Due Process Clause of the Fourteenth Amendment, as well as various violations of state law.  This matter is before the Court on Fairmont's motion to dismiss.  For the reasons stated on the record of the hearing on the motion and briefly summarized below, Fairmont's motion is granted, Taxpayers Coalition's federal claim is dismissed, and the Court declines to exercise supplemental jurisdiction over Taxpayers Coalition's state-law claims.

I.  BACKGROUND

Taxpayers Coalition's factual allegations need be recounted only briefly:

The Fairmont City Council approved Resolution No. 2016-20 ("Resolution") to place on the November 2016 ballot a referendum approving the imposition of a local sales tax.  Second Am. Compl. ¶ 6, ECF No. 24.[1]  In November 2016, the Referendum appeared on the ballot, but the wording of the Referendum that appeared on the ballot differed somewhat from the wording of the Resolution that had been approved by the City Council.  Second Am. Compl. ¶¶ 7–8.  Taxpayers Coalition alleges that the difference in language caused some voters to be confused when casting their votes on the Referendum.  Second Am. Compl. ¶ 39.

The Referendum passed by a substantial margin.  Second Am. Compl. ¶ 9.  In 2019, the City Council approved Ordinance No. 2019-16 ("Ordinance"), which implemented the local sales tax that had been authorized by the Referendum.  Second Am. Compl. ¶ 10.  The language of the Ordinance differed somewhat from the language of the Referendum, and the language of both differed somewhat from the language of the Resolution.  Second Am. Compl. ¶ 11.

On November 29, 2023, Taxpayers Coalition filed this lawsuit to block collection of the local sales tax.  First Compl., ECF No. 1.

---

[1]The Court grants Taxpayers Coalition's motion to amend its complaint and will treat the second amended complaint as operative.

II.  ANALYSIS

*A.  Standing*

"At the pleadings stage, general factual allegations suffice to support standing." *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022) (citing *Jones v. Jegley*, 947 F.3d 1100, 1104 (8th Cir. 2020)).  A plaintiff establishes Article III standing by demonstrating that it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).  An injury-in-fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

An "undifferentiated, generalized grievance about the conduct of government" is insufficient to confer standing.  *Lance v. Coffman*, 549 U.S. 437, 442 (2007).  But a harm that is widely shared may confer standing if the harm is not "of an abstract and indefinite nature," such as an "injury to the interest in seeing that the law is obeyed." *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 23–24 (1998).  Thus, an injury "directly related to voting, the most basic of political rights," may be sufficiently concrete and particularized to convey standing, even though the injury is shared by many (or even *all*) of those who voted in a particular election.  *Id.* at 24–25; *see also Bishop v. Bartlett*, 575

F.3d 419, 424 (4th Cir. 2009) ("[T]he government's interference with that right [to vote] may satisfy the injury-in-fact requirement." (cleaned up)).

Fairmont argues that *Nolles v. State Committee for Reorganization of School Districts* controls the outcome in this case, because Taxpayers Coalition has alleged only a generalized grievance against vague ballot language—an interest that is shared by all voters.  524 F.3d 892 (8th Cir. 2008).  In *Nolles*, the plaintiff voters alleged that the defendant's implementation of a law—as required by the state constitution—before a citizen-led referendum to repeal it could occur rendered their votes ineffective and the election process fundamentally unfair, in violation of due process.  *Id.* at 898.  The Eighth Circuit held that the plaintiffs lacked standing because they "challenge[d] only the application of the Nebraska constitution to the state-created referendum process," which was "a generalized grievance better left to the state political and legislative process." *Id.* at 900.

The federal due-process claim asserted by Taxpayers Coalition in this case is different.  That claim does not challenge the interplay among Minnesota laws or allege that the application of a Minnesota law to the Referendum somehow rendered the election "fundamentally unfair."  Instead, Taxpayers Coalition alleges that the language on the Referendum so confused some of their members[2] that they could not effectively

---

[2]An association has standing to bring suit when "its members would otherwise (continued...)

exercise their right to vote.  *See, e.g.*, *Burton v. State of Ga.*, 953 F.2d 1266, 1269 (11th Cir. 1992) (stating a substantive due-process violation may arise "when the ballot language is so misleading that voters cannot recognize the subject of the amendment at issue").

Moreover, Taxpayers Coalition does not merely allege that the Referendum "contained 'potentially misleading language.'"  *See Bishop*, 575 F.3d at 424 (finding no injury-in-fact to voters challenging ballot language who failed to allege any voter was actually confused by the language).  Instead, Taxpayers Coalition alleges at least some of its members *in fact* "voted on the ballot referendum" and *in fact* were "quite confused when [they] voted."  Lutz Decl. ¶ 7, ECF No. 40-1.  Thus, the alleged injury, though widely shared, is not to the "abstract and indefinite" interest in ballot language being clear.  Rather, the alleged injury is that particular members of Taxpayers Coalition were confused by the language of a particular referendum appearing on a particular ballot during the November 2016 election.  *Spokeo*, 578 U.S. at 339 ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" (citation omitted)).  The allegations in the second amended complaint are therefore sufficient to confer standing.  *See Mo. Roundtable for Life v. Carnahan*, 676 F.3d 665, 678 (8th Cir. 2012) (dismissing substantive-due-process claim that challenged misleading ballot language

---

²(...continued)
have standing to sue in their own right . . . ."  *Kuehl v. Sellner*, 887 F.3d 845, 851 (8th Cir. 2018) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

on the merits, despite the district court dismissing for lack of standing (citing *Burton*, 953 F.2d at 1269)).

## B.  Federal Due Process

In ruling on a Rule 12(b)(6) motion, a court may dismiss a claim as barred by the statute of limitations if the complaint, materials embraced by the pleadings, and matters of public record establish that the claim is untimely.  *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)).  The limitations period for claims under 42 U.S.C. § 1983 "is governed by the statute of limitations for personal injury actions in the state in which the claim accrues."  *Sanchez v. United States*, 49 F.3d 1329, 1330 (8th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)).  In Minnesota, the statute of limitations for personal-injury actions is six years.  *Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) (citing Minn. Stat. § 541.05).  A § 1983 due-process claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief."  *Humphrey*, 891 F.3d at 1081–82 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

Taxpayers Coalition's due-process claim accrued on Election Day of November 2016.  The moment that its member voters were confused by the Referendum language, they had suffered the alleged deprivation of their right to vote, and they had a complete

and present cause of action against Fairmont. They could have brought their federal due-process claim the day after the election.

They did not. Instead, Taxpayers Coalition waited until November 2023—seven years after its members stood in the voting booth and supposedly found themselves unable to understand the language of the Referendum. The federal due-process claim is therefore barred by the six-year statute of limitations.

Taxpayers Coalition points out that the Ordinance implementing the sales tax was not enacted until 2019 and that the sales tax is being collected to this day. Thus, says Taxpayers Coalition, its members are being subject to "continuing violations" of their right to due process. Under the continuing-violations doctrine, "each overt act that is a part of a continuing violation starts the statutory period running again . . . . However, acts that are merely unabated inertial consequences (of a single act) do not reset the statute of limitations." *Pub. Water Supply Dist. No. 1 of Greene Cnty. v. City of Springfield, Mo.*, 52 F.4th 372, 375 (8th Cir. 2022) (cleaned up).

Again, the allegedly unconstitutional act of Fairmont was placing confusing language on the ballot during the November 2016 election. If that confusing language violated the rights of voters, it did so when those voters stood in the voting booth in November 2016. Later actions to implement and collect the approved sales tax are not independent due-process violations; rather, they are the *consequences* of the due-process

violation that allegedly occurred on Election Day of 2016. In other words, the *injury* caused by the alleged constitutional violation may be "continuing," but the *constitutional violation* is not.

For these reasons, the Court dismisses Taxpayers Coalition's federal due-process claim as time-barred.

### C. State-Law Claims

Having dismissed the only claim over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Taxpayers Coalition's state-law claims. 28 U.S.C. § 1367(c)(3); *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (stating that courts should ordinarily decline supplemental jurisdiction when all original-jurisdiction claims have been eliminated before trial). Those state-law claims are therefore dismissed without prejudice.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to amend its complaint [ECF No. 22] is GRANTED.

2. Defendant's motion to dismiss [ECF No. 14] is GRANTED as follows:

    a. Counts 1 and 5 of the second amended complaint [ECF No. 24] are DISMISSED WITH PREJUDICE AND ON THE MERITS.

      b.      All remaining claims are DISMISSED WITHOUT PREJUDICE.

3.      Defendant's motion for a surety bond [ECF No. 27] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 14, 2024

      s/Patrick J. Schiltz  
      Patrick J. Schiltz, Chief Judge  
      United States District Court